IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 16 B 22344 |
| Ignacio Payan, | ) | Judge Hon. Schmetterer |
| | ) | CHAPTER 13 |
| | ) | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    The Parties**

1. The Debtor is Ignacio Payan ("Debtor").

2. The Creditors are PNC Bank N.A. and U.S. Bank National Association ("Creditors").

**B.    Factual Background**

1. On or about July 12, 2016, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Debtor owns the real estate commonly known as 321 Whitehall Drive, Northlake, IL 60164.

3. Astoria Bank holds a first mortgage lien on the real property commonly known as 321 Whitehall Drive, Northlake, IL 60164, with a secured claim of $177,662.08 pursuant to the proof of claim filed on September 29, 2016.

4. PNC Bank holds a second mortgage lien on the real property known as 321 Whitehall Drive, Northlake, IL 60164 in the approximate amount of $44,078.33 pursuant to the proof of claim filed on October 3, 2016.

5. U.S. Bank National Association holds a third mortgage lien on the real property known as 321 Whitehall Drive, Northlake, IL 60164 in the approximate amount of $2,741.15 pursuant to the proof of claim filed on November 1, 2016.

6. On July 12, 2016, Debtor's attorney obtained property comparables which show the value of the property located at 321 Whitehall Drive, Northlake, IL 60164 to be $102,874.00.

7. The Chapter 13 Plan filed on July 21, 2016, provides that the Debtor will make monthly payments to the Chapter 13 Trustee in the amount of $615.00 per month for 36 months.

8. Under the Chapter 13 Plan, general unsecured creditors will be paid 10.00% of their allowed claims.

9. On December 20, 2016, Debtor filed a motion pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Creditors' liens on Debtor's property located at 321 Whitehall Drive, Northlake, IL 60164.

10. That on December 20, 2016, a copy of the Notice of Motion and Motion to Determine Value of Claims 3 and 4 Secured by a Lien on Estate Property were served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to the Creditors at William S. Demchak, President, PNC Bank, N.A., One PNC Plaza, 249 Fifth Avenue, Pittsburgh, PA 15222, PNC Bank, N.A., P.O. Box 94982, Cleveland, OH 44101, Richard K Davis, President, U.S. Bank National Association, 425 Walnut Street, Cincinnati, OH 45202, U.S. Bank National Association, c/o U.S. Bank Home Mortgage, a division of U.S. Bank National Association, 4801 Frederica Street, Owensboro, KY 42301.

10. To date, no responsive pleadings have been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second and third mortgage liens.

12. No evidence has been presented to challenge the property value of $102,874.00.

13. The first secured claim of Astoria Bank in the amount of $177,662.08 exhausts the value and equity in Debtor's residence.

14. There is no value and equity to support the claim of the Creditor.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured lien on the property located at 321 Whitehall Drive, Northlake, IL 60164 in the amount of 177,662.08, the second secured lien in the amount of $44,078.33 and the third secured lien in the amount of $2,741.15.

5. That the value of Debtor's residence is $102,874.00.

6. To the extent that a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a Debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C.*

§349(b)(1)(C). Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 3/17/17

Enter:

_____
United States Bankruptcy Judge

The Semrad Law Firm, LLC
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625